UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.A. SILVA CORKS USA, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>M.A. SILVA HOLDINGS, INC., et al.,<br><br>Defendants. | Case No. 22-cv-04345-HSG<br><br>**ORDER DENYING ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 2, 13, 34 |

Pending before the Court are Plaintiffs' administrative motions to file documents under seal. Dkt. Nos. 2, 13, 34. For the reasons detailed below, the Court **DENIES** the motions.

## I. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public

1    scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v.*

2    *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  "The mere fact that the production of records

3    may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not,

4    without more, compel the court to seal its records." *Id.*

5         The Court must "balance[] the competing interests of the public and the party who seeks to

6    keep certain judicial records secret.  After considering these interests, if the court decides to seal

7    certain judicial records, it must base its decision on a compelling reason and articulate the factual

8    basis for its ruling, without relying on hypothesis or conjecture." *Id.*  Civil Local Rule 79-5

9    supplements the compelling reasons standard set forth in *Kamakana*:  the party seeking to file a

10   document or portions of it under seal must explain "(i) the legitimate private or public interests

11   that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less

12   restrictive alternative to sealing is not sufficient."  Civil L.R. 79-5(c)(1).  The request must be

13   "narrowly tailored to seal only the sealable material." *Id.* at 79-5(c)(3).

14        Records attached to nondispositive motions must meet the lower "good cause" standard of

15   Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only

16   tangentially related, to the underlying cause of action."  *See Kamakana*, 447 F.3d at 1179–80

17   (quotations omitted).  This requires a "particularized showing" that "specific prejudice or harm

18   will result" if the information is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,

19   307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c).  "Broad allegations of

20   harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.  *Beckman*

21   *Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

22   **II.    DISCUSSION**

23        Here, Plaintiffs seek to file under seal portions of their initial and first amended

24   complaints.  Dkt. Nos. 2, 13, 34.  Because the complaint is the pleading on which this action is

25   based, the Court applies the "compelling reasons" standard to these motions.  *See, e.g.*, *Space*

26   *Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF, 2018 WL 10454862, at *2 (N.D. Cal. Aug.

27   31, 2018) (finding compelling reasons standard governed motion to seal portions of the

28   complaint); *In re NVIDIA Corp. Derivative Litig.*, No. C 06-06110 SBA, 2008 WL 1859067, at *3

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1    (N.D. Cal. Apr. 23, 2008) ("While a complaint is not, per se, the actual pleading by which a suit

2    may be disposed of, it is the root, the foundation, the basis by which a suit arises and must be

3    disposed of."). As the Civil Local Rules make clear, "[o]nly in rare circumstances should a party

4    seek to file portions of a pleading or brief under seal." *See* Civil L.R. 79-5(e).

5         As to Plaintiffs' motions to seal portions of the initial complaint, Dkt. Nos. 2 and 13, the

6    Court did not rely on that pleading because Plaintiffs filed an amended complaint before

7    Defendants answered. Thus, the initial complaint is less significant to the public's understanding

8    of the judicial proceedings in this case. *See In re iPhone Application Litig.*, No. 11-MD-02250-

9    LHK, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013) ("The public's interest in accessing

10   these documents is even further diminished in light of the fact that the Court will not have

11   occasion to rule on Plaintiffs' Motion for Class Certification."). In any event, the reasons that

12   Plaintiffs seek to seal the initial complaint are the same as its reasons for sealing the first amended

13   complaint. *Compare* Dkt. Nos. 2 and 13, *with* Dkt. No. 34. The Court therefore addresses those

14   arguments below.

15        Plaintiffs argue that they seek to seal "highly-sensitive allegations about Defendants'

16   business conduct, sales practices, and competitive positions against the Plaintiffs." *See* Dkt. No.

17   34 at 1. Specifically, these allegations contain "the exact methods Defendants have undertaken to

18   undermine [the company's] value." *Id.* at 3. Plaintiffs urge that if made public, such allegations

19   "would place the company at a competitive disadvantage if its competitors learned and used that

20   information in the marketplace." *See id.* at 2.

21        However, the allegations contained in the proposed redactions are critical (even central) to

22   Plaintiffs' claims in this case. At bottom, Plaintiffs contend in this case that Defendants sabotaged

23   their business, which led to customer complaints and caused them reputational and financial harm.

24   Plaintiffs seek to seal the alleged ways in which Defendants sabotaged the company. The "interest

25   in ensuring the public's understanding of the judicial process and of significant public events,"

26   *Kamakana*, 447 at 1179, is thus not served if the fundamental basis for Plaintiffs' claims is

27   redacted from the complaint. The Court understands that Plaintiffs may be concerned about the

28   possible reputational harm they could suffer if these allegations are made public. But "[t]he mere

1     fact that the production of records may lead to a litigant's embarrassment, incrimination, or

2     exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

3     Accordingly, the Court **DENIES** Plaintiffs' administrative motions to seal.

4          In at least one of their motions to seal Plaintiffs request that if the Court denies the motion,

5     they be allowed to withdraw the materials. *See* Dkt. No. 13 at 29.  When a court denies a motion

6     to seal it may "determine whether to consider the information sought for sealing and require its

7     public filing, *permit its withdrawal without considering the information*, or order any other

8     disposition it deems proper. *See* Civil L.R. 79-5(g)(2) (emphasis added).  However, the Court

9     finds that it would not be appropriate to permit Plaintiffs to withdraw these portions of the

10    complaint.  As explained above, these allegations are central to Plaintiffs' claims.

11    ### III.    CONCLUSION

12         The Court **DENIES** Plaintiffs' administrative motion to file under seal, Dkt. Nos. 2, 13,

13    34, and **DIRECTS** Plaintiffs to file public versions of all documents for which the proposed

14    sealing has been denied within seven days of this order.

15         **IT IS SO ORDERED.**

16    Dated:  3/10/2023

17                                                                    *Haywood S. Gill Jr.*

18                                          HAYWOOD S. GILLIAM, JR.
                                            United States District Judge

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

4